**XIANGQI XIE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 05–74529.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

Xiangqi Xie, Monterey Park, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Joshua Delaney, Unit-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ed States Department of Justice, Joanne E. Johnson, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Mark L. Gross, DOJ—U.S. Department of Justice, Civil Rights Division/Appellate Section, San Francisco, CA, for Respondent.

Before GOODWIN, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM**

Xiangqi Xie is a native and citizen of China who petitions for review of the Board of Immigration Appeals' ("BIA") order affirming, without opinion, the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and we grant the petition for review.

We conclude that the IJ's adverse credibility decision is not supported by substantial evidence because the inconsistencies noted by the IJ relating to Xie's practice of Christianity were not clear inconsistencies. *See Singh v. Ashcroft*, 362 F.3d 1164, 1170 (9th Cir.2004) (holding that perceived inconsistencies are insufficient to support an adverse credibility determination). The IJ also failed to provide Xie with an opportunity to explain these perceived inconsistencies. *See Quan v. Gonzales*, 428 F.3d 883, 886 (9th Cir.2005).

Moreover, the IJ failed to consider Xie's explanation for the discrepancy between the address listed on his identity card and on his asylum application. *See Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir.2004) ("An adverse credibility finding is improper when an IJ fails to address a petitioner's explanation for a discrepancy or inconsistency."). That Xie used another person's visa and passport to flee China and enter this country is not, without more, a proper basis for finding him not credible. *Id.* at 889.

Accordingly, we grant the petition for review and remand to the BIA to determine whether, accepting Singh's testimony as credible, he is eligible for asylum, withholding of removal, and relief under CAT. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.